IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON JR., | No. C 09-02106 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SANTA CLARA COUNTY, and STEPHEN MAYBERG, | |
| Defendants. | |

On November 6, 2009, the Court heard oral argument on the motion to dismiss filed by defendant Santa Clara County, and the motion for summary judgment filed by defendant Stephen Mayberg. Having considered the arguments of the parties and the papers submitted, and for good cause shown, both motions will be granted.

**I.    MOTION TO DISMISS BY DEFENDANT SANTA CLARA COUNTY**

In 1982, Joseph Johnson Jr. was convicted of rape and sentenced to 33 years in prison. In May 1999, shortly before he was to be paroled, the State of California filed a petition and had Mr. Johnson committed as a Sexually Violent Predator ("SVP"). In this § 1983 action, Mr. Johnson contends that Santa Clara County is liable for violation of his civil rights by the Santa Clara County District Attorney's Office ("DA"). Mr. Johnson maintains that the DA wrongfully (1) detained him beyond his release date because of delays in his civil commitment trial, (2) had him committed to a mental hospital without cause, (3) detained him pursuant to Sexual Violent Predator Act ("SVPA") proceedings without

supporting psychological reports, and (4) incorrectly applied the California Department of Mental Health's SVPA Standardized Assessment Protocol ("SAP") to identify him as an SVP candidate. He also complains that California Department of Mental Health Director Dr. Stephen Mayberg violated his constitutionally guaranteed rights by screening him into the Sexually Violent Predator Act civil detainment program by use of the SAP later found by the California Office of Administrative Law to be partially void as an "underground legislation."

### A. Background

#### 1. Mr. Johnson's civil commitment procedural history

Mr. Johnson's extensive history of sexually assaulting women has been described in a previous order by this Court. *Johnson v. Santa Clara County*, No. C 03-0235 SI ("2003 order"). Mr. Johnson's pattern was generally that of breaking and entering the homes of sleeping women and raping or attempting to rape them after threatening them. Seven such incidents occurring in 1971-1972 and 1980 were noted, although not all had resulted in convictions for Mr. Johnson. *See id.* at 2. Mr. Johnson was in prison for these rapes until his scheduled May 1999 parole date.

In light of Mr. Johnson's criminal record and findings from several psychological examinations, the Santa Clara County District Attorney filed a petition on May 11, 1999 to commit Mr. Johnson under the SVPA. *Id.* On May 24, 2000, following a trial, Mr. Johnson was civilly committed to Atascadero State Hospital for two years as a sexually violent predator. *Id.* Mr. Johnson was recommitted to several more two year terms despite numerous objections, collateral actions, and appeals. Several of these actions were before this Court. Notably, in 2002 and 2005 Mr. Johnson filed civil rights complaints concerning allegedly unconstitutional policies and practices in Santa Clara County Jail where he was housed while awaiting commitment proceedings under the SVPA. *See Johnson v. Santa Clara County*, No. C 02-3279 SI ("2002 order"); *Johnson v. Edward C. Flores*, No. C 05-1628 SI (" 2005 order").

Eventually, Mr. Johnson was released from civil commitment on March 27, 2009 after the California Court of Appeal found that the DA lacked cause to detain Mr. Johnson and that Mr. Johnson's due process right to a speedy trial was violated by undue delay in his recommitment proceedings. *People v. Johnson*, No. H031765, 2009 WL 120490, at *11-12 (Cal. App. 6th Dist. Jan.

20, 2009). A rich and detailed procedural history and analysis of how Mr. Johnson's constitutional rights were violated during his recommitment proceedings can also be found in the case cited immediately above.

Here, Mr. Johnson seeks to obtain relief for the DA's infringement of his constitutional rights. The Court takes judicial notice of the California Court of Appeal decision holding that Mr. Johnson's constitutional right to due process was violated by the undue delay in his civil commitment trial. *Id.* at *11-12. However, the question presented in this action is more complex than whether a constitutional violation has occurred. Mr. Johnson seeks damages under a theory of municipal liability by contending that the DA followed policies or practices authorized and/or ratified by the Santa Clara County Board of Supervisors when his constitutional rights were violated. Plaintiff's Opposition to Motion to Dismiss ("Opp."), p. 5:5-15. This requires an inquiry into the roles and relationships between Santa Clara County and the DA.

Mr. Johnson also alleges that Dr. Stephen Mayberg, Director of the California Department of Mental Health, violated his due process rights by creating an inadequate screening program by which Mr. Johnson was identified for selection into the SVPA program.[1]

### 2. Santa Clara County designated the Santa Clara County District Attorney's Office to civilly prosecute individuals under the SVPA.

Mr. Johnson contends that the Santa Clara County District Attorney's Office ("DA") has violated his constitutional rights and that these actions, policies, and practices were authorized and/or ratified by the Santa Clara County Board of Supervisors. Opp. at 5:5-15. Specifically, Mr. Johnson claims he was unconstitutionally deprived of his liberty through the delay of his involuntary commitment trial by a "county authorized final policymaker" identified as the DA from May 25, 2004 (when his second involuntary civil commitment term was to expire) to March 27, 2009 (when Mr. Johnson was released

---

[1] In response to the pending motions, Mr. Johnson has voluntarily dismissed the conditions charges against Edward Flores (Chief of the Santa Clara County Department of Correction ("SCCDOC")), Mitchell Conner (Classification Sergeant of the SCCDOC), and John and Jane Does (Officers of the SCCDOC). Opp. at 1:24-26. Mr. Johnson has also voluntarily dismissed his claims for prospective injunctive relief against Santa Clara County. *Id.* at 15:3-6.

from civil detainment). FAC at 34, claim seven, ¶ 1. Mr. Johnson also alleges that his commitment to a mental institution from June 29, 2007 (when the amended SVPA was applied to retroactively commit Mr. Johnson to an indefinite term) until March 27, 2009 (when he was released) violated his Fourth and Fourteenth Amendment rights. FAC at 34, claim seven, ¶¶ 1-3. Further, Mr. Johnson complains that his civil rights were violated when he was screened for recommitment per a Screening Assessment Protocol (SAP) later found not to be in accordance with APA rules. *Id.* at 35. No complaints are leveled at the Santa Clara County Public Defender's Office. Opp. at 4.

As mentioned above, Mr. Johnson was released from civil commitment after the California Court of Appeal found that the DA lacked cause to detain Mr. Johnson and that Mr. Johnson's due process right to a speedy trial was violated by undue delay in his recommitment proceedings. *People v. Johnson*, No. H031765, 2009 WL 120490, at *11-12 (Cal. App. 6th Dist. Jan. 20, 2009).

### B.  Legal standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is

4

inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### C. Discussion

#### 1. Mr. Johnson's *Monell* claims against Santa Clara County

In claims seven and eight of his FAC, Mr. Johnson contends that he was unconstitutionally deprived of his liberty by Santa Clara County. FAC at 34-35. Mr. Johnson clarifies his theory of *Monell* liability in his opposition brief, arguing that liability attached to Santa Clara County when the Santa Clara County Board of Supervisors delegated authority to the DA's office to pursue SVPA commitments and then ratified the policies developed by the DA in pursuing these commitments. Opp. at 13-14. Specifically, he contends that the DA unconstitutionally 1) excessively delayed Mr. Johnson's civil commitment trial; 2) committed Mr. Johnson to a mental institution during the delay of his trial; 3) retained Mr. Johnson in civil commitment without psychological reports identifying him as an SVP; and 4) pursued his civil commitment in accordance with Dr. Mayberg's SAP despite the SAP being non-compliant with the APA. FAC at 34-35; Opp. at 4-5.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. A plaintiff may demonstrate a policy or custom to support municipal liability in a number of ways. A plaintiff "may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F. 2d 1342, 1346 (9th Cir. 1992) (quoting *Jett v. Dallas*

*Indep. Sch. Dist.*, 491 U.S. 701 (1989)) (internal quotation marks omitted). In addition, a plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1346-47.

By contrast with municipalities, "In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations, alteration, and internal quotation marks omitted).

For purposes of this motion to dismiss the court accepts as true Mr. Johnson's allegations of violations of his constitutional rights. The court will also take judicial notice of the California Court of Appeal holding that Mr. Johnson's constitutional right to due process was violated by the undue delay in his civil commitment trial. *People v. Johnson*, No. H031765, 2009 WL 120490, at *11-12 (Cal. App. 6th Dist. Jan. 20, 2009). The question now presented is whether Mr. Johnson may maintain a suit against the county for that violation.

### 2. In implementing the SVPA, the District Attorney of the County of Santa Clara acted as an arm of the state

The County argues that it is immune from liability under the Eleventh Amendment, because the DA, in pursuing civil commitments under the SVPA, acted as an arm of the state and not of the county. Motion to Dismiss ("MTD"), ¶. 9-12. Therefore, addressing the question of municipal liability necessitates analyzing whether the DA acted as a representative of the county or the state. This determination is made "as defined by state law." *McMillian v. Monroe County Alabama*, 520 U.S. 781, 786(1997).

The California Supreme Court held in *Pitts v. County of Kern*, 17 Cal.4th 340, 362 (1998), that "when preparing to prosecute and when prosecuting criminal violations of state law, a district attorney represents the state and is not a policymaker for the county." The court also held that district attorneys

represent the state when training and developing policy in the areas of preparation and actual prosecution of criminal violations of state law. *Id.* By extension, advocating a position with regard to a custodial litigant's civil commitment is squarely within the prosecutor's core function as an advocate for the state.

Further, the County has argued persuasively that enforcement of the SVPA is a process effectively controlled and driven by the State, based both on its legislative history and its statutory implementation. The California Welfare and Institutions Code sets out a process initiated by the Director of the California State Department of Corrections (Welf. & Inst. Code §§ 6601(a) and (b)), evaluated by the California Department of Mental Health (*Id.* at §§ 6601(b) - (d)), and then forwarded to the county of original conviction for prosecution of the petition for commitment. The scope and nature of the trial process to follow is outlined in the same part of the Welfare and Institutions Code. The sole area of decision-making by the county involved is its designation of the "counsel" to prosecute the petition – here, the District Attorney's office. Under these circumstances, the DA's responsibility for advocating a position with regard to a custodial litigant's civil commitment appears to be a clear extension of the prosecutor's core function as an advocate for the state.

Here, Mr. Johnson was selected by a member of the California Department of Corrections for entry into the state legislated SVPA program. The Santa Clara County Board of Supervisors complied with the state legislated SVPA requirements by designating the DA to handle SVPA cases. *See* Cal. Welf. & Inst. Code §6601(i). Mr. Johnson was then evaluated by psychologists under the California Department of Mental Health and referred to the DA, who acts under the direction of the State Attorney General (Cal.Const., art. V, § 13). The DA then petitioned to civilly commit Mr. Johnson in the state court in which Mr. Johnson was originally a criminal defendant. The DA therefore functioned as a state prosecutor in pursuing Mr. Johnson's civil commitment and was not implementing a policy or practice of the county when violating Mr. Johnson's constitutional rights. In any event, there is no evidence that these constitutional violations were ratified by Santa Clara County.

Therefore, because the DA acted as an arm of the state and not of the county, Mr. Johnson fails to state a claim against Santa Clara County upon which relief can be granted. Accordingly the claims against Santa Clara County are dismissed without leave to amend.

7

## II. MOTION FOR SUMMARY JUDGMENT FILED BY DR. MAYBERG

Plaintiff Johnson also alleges that he was unconstitutionally screened into the Sexually Violent Predator Act civil detainment program by the use of a standardized screening program later found by the California Office of Administrative Law to be void as an "underground legislation." He sues Dr. Stephen Mayberg, Director of the California Department of Mental Health, on this claim.

### A. Background

The Standardized Assessment Protocol ("SAP") was developed by the California Department of Mental Health as a procedural safeguard to prevent meritless SVP petitions from reaching trial. After an individual is screened pursuant to the SAP, he or she is entitled to an adversarial probable cause hearing before a judge. After evaluating each element, if the judge determines that probable cause exists that a person is an SVP, then a trial will be set. At trial, the individual is entitled to a jury, discovery of all relevant medical and psychological records, appointed counsel, the right to retain experts, and a unanimous verdict. The prosecution must prove beyond a reasonable doubt that the individual is an SVP. *See* Cal. Welf. & Inst. Code §§ 6603, 6604.

In 2008, the California Office of Administrative Law ("OAL"), determined that the SAP had not been developed accordance with the mandates of the Administrative Procedures Act (APA). OAL File # 1 CTU 2008-0129-01 (2008) ("OAL decision"). Mr. Johnson contends his constitutional rights were violated by Dr. Stephen Mayberg, then Director of the DMH, because he was screened into the SVPA program through use of the subsequently invalidated SAP. FAC at 33-34, claim six.

### B. Legal standard

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its

8

1  initial burden of identifying for the court those portions of the materials on file that it believes
2  demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so
3  that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts
4  showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors*
5  *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

In evaluating evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

### C. Discussion

Dr. Mayberg moves for summary judgment for several reasons: He argues that he is entitled to absolute quasi-legislative immunity and absolute quasi-prosecutorial immunity; he asserts that summary judgment is proper because, contrary to Mr. Johnson's allegations, he did not develop the SAP; and he contends that Mr. Johnson suffered no harm even if the procedurally flawed SAP was applied to him. The Court finds that in fact application of the SAP to plaintiff Mr. Johnson caused him to suffer no harm or injury, and grants Dr. Mayberg's motion on that basis.

Mr. Johnson was retained in custody because of the judicial proceedings which led to a probable cause finding and ultimately a determination that he was in fact an SVP, not because of the nature of the initial screening using the SAP. In *People v. Medina*, the California Court of Appeal explained the role and function of the SAP:

> [The purpose of the SAP] is not to identify SVP's but, rather, to screen out those who are not SVP's. The Legislature has imposed procedural safeguards to prevent meritless petitions from reaching trial. [T]he requirement for evaluations is not one affecting disposition of the merits; rather, it is a collateral procedural condition plainly designed to ensure that SVP proceedings are initiated only when there is a substantial factual basis for doing so. The legal determination that a particular person is an SVP is made during the subsequent judicial proceedings, rather than

9

during the screening process.

171 Cal.App.4th 805, 814 (2009) (internal quotations and citations omitted).

The subsequent judicial proceedings, described above, are the actions which result an individual's classification as an SVP. In light of the judicial proceedings, including both a probable cause hearing and a trial, it is apparent that the SAP is not the determinative step in any SVP's commitment. Mr. Johnson cannot demonstrate that he was harmed by being screened under the SAP because a judge subsequently and separately determined that probable cause existed to find that Mr. Johnson was an SVP, and Mr. Johnson thereafter had a full adversarial trial.

Drawing all inferences in a light most favorable to the non-moving party, the Court finds that Mr. Johnson has not demonstrated and cannot demonstrate that he was harmed by being screened under the SAP. Accordingly, Defendant Dr. Mayberg's motion for summary judgment is GRANTED.

## III.   CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant Santa Clara County's motion to dismiss without leave to amend and GRANTS Defendant Dr. Stephen Mayberg's motion for summary judgment. (Docket Nos. 10, 13.)

**IT IS SO ORDERED.**

Dated: December 29, 2009

SUSAN ILLSTON
United States District Judge